UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 1:09-CR-00376 |
| v. | ) | |
| | ) | Violations: 18 U.S.C. §§ 1341, 1343, 1349 |
| STEVEN FENZL, and | ) | |
| DOUGLAS E. RITTER, | ) | Judge: Ruben Castillo |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ~~PROPOSED~~ ORDER

This matter, coming before the Court pursuant to the agreement of the United States and the defendants and the Court being fully advised in the premises:

**IT IS ORDERED:**

1. As used in this Order, the words "Defendant" or "Defendants" mean the individual defendants; defense counsel actively representing the defendants in this case; and partners, associates, secretaries, paralegal assistants, experts, consultants, and employees of those defense counsel, but only to the extent reasonably necessary to render professional services in this case. The words "Confidential Material" mean grand jury materials; any other information designated by the United States as sensitive and/or confidential; and all documents and information provided by any Defendant and designated as sensitive and/or confidential.

2. To comply with its discovery and due process obligations, the United States is authorized to disclose grand jury materials to the Defendants. Each Defendant is to treat as confidential all Confidential Material that is produced or made available for use in preparing for

trial of this case.

3. The United States is authorized to disclose grand jury documents and information, as provided for under the Federal Rules of Criminal Procedure and applicable law, to witnesses, potential witnesses and to individuals who may be retained to provide expert assistance, as well as to persons retained to assist the United States in administrative, clerical, paralegal, or other support services in connection with the maintenance, storage, and copying of grand jury documents and/or the preparation of summaries, computer databases and other exhibits.

4. Each Defendant and any person to whom any Defendant or the United States discloses Confidential Material, as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such.

5. Each Defendant, any person to whom a Defendant discloses Confidential Material, and any person to whom the United States discloses Confidential Material, shall not make any further disclosure of the Confidential Material, except as provided herein, absent further order of this Court.

6. The Confidential Material, including all copies thereof, may be disclosed by a Defendant to another person only for the purpose of assisting the Defendant in preparing a defense in this case, and may be disclosed by the attorneys for the United States only for the purpose of assisting the United States in preparing its prosecution or complying with its discovery obligations in this case. Only as much of the materials as may be useful for such purpose may be disclosed by the attorneys for the United States or the Defendants. The Defendants and those persons to whom they disclose Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use

the information contained therein, for any purpose other than preparing a defense in this case. The persons to whom the United States discloses Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than assisting the United States in preparing for prosecution or complying with its discovery obligations in this case.

7. All Confidential Material, and any copies thereof, disclosed to any of the Defendants or to third parties by Defendants shall be returned to defense counsel at the earliest of: (a) the end of this case and any appeals, including any collateral proceedings; (b) such time as it is no longer necessary for the person to possess such material. At the end of this case and any appeals, including any collateral proceedings, upon written request of the United States, defense counsel shall certify in writing to attorneys for the United States that they have received all Confidential Material and copies that were given to the Defendants or third parties. Also at that time, defense counsel shall either destroy all Confidential Material or return it to attorneys for the United States. If defense counsel elect to destroy any Confidential Material rather than return it to the attorneys for the United States, they shall certify in writing to the attorneys for the United States that such material has been destroyed.

8. This Order applies to certain records that the Defendants have not yet had an opportunity to review, some of which were not obtained through the grand jury process or otherwise may not be covered by the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure.

9. Any party may seek to have certain documents or categories of documents excepted from the terms of this Agreed-Upon Protective Order. Each party will be available, on

reasonable notice, to discuss problems which may arise under the Agreed-Upon Protective Order. This Agreed-Upon Protective Order does not prejudice the right of any party to seek the Court's permission to except particular documents or categories of documents from the terms of this Agreed-Upon Protective Order.

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: 5/26/09