UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CR 376 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| STEVEN FENZL and DOUGLAS RITTER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Steven Fenzl ("Fenzl") is charged with conspiracy to commit mail and wire fraud, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 1341, 1343 and 1349.[1] (R. 1, Indictment.) Presently before the Court is Fenzl's motion to dismiss the indictment.[2] (R. 65, Fenzl's Mot.) For the following reasons, the motion is denied.

## BACKGROUND

Fenzl is part-owner of Company U, an Illinois corporation engaged in the business of refurbishment and repair of refuse disposal containers. (R. 1, Indictment ¶¶ 2-4.) The government alleges that Fenzl engaged in a scheme to defraud the City of Chicago (the "City") of money and property related to bids submitted for, and the performance of, Specification No. 17390A (the "Contract"), to repair and refurbish the City's refuse disposal containers. (*Id.*)

---

[1] Douglas Ritter ("Ritter") was also charged in the indictment but entered into a plea agreement on June 3, 2010. (R. 1, Indictment; R. 60, Plea Agreement.)

[2] Although Fenzl does not indicate a procedural medium for bringing this motion, it is properly brought pursuant to Federal Rule of Criminal Procedure 12(b)(2). *See* Fed. R. Crim. P. 12(b)(2).

1

According to the indictment, in addition to submitting a bid for Company U, Fenzl orchestrated the submission of "sham" bids by three other companies with "materially false and fraudulent" documents. (*Id.* ¶ 25.) In addition to the bid rigging scheme, the indictment also alleges that Fenzl "fraudulently" obtained the Contract, in part, by certifying that Company U would subcontract for goods or services from a certified Minority Business Enterprise ("MBE") and a certified Women Business Enterprise ("WBE"), when in fact Defendants did not actually obtain such goods or services. (*Id.* ¶¶ 27, 52-64.)

## PROCEDURAL HISTORY

Fenzl was indicted on April 21, 2009. (R. 1, Indictment.) On August 24, 2009, Fenzl filed a motion to strike portions of the indictment arguing that alleged violations related to subcontracting with a MBE and WBE under the Contract did not constitute "a cognizable scheme to defraud the City of 'money or property' under the federal [mail and wire] fraud statutes." (R. 31, Fenzl's Mot. to Strike ¶ 3.) On April 29, 2010, the Court denied the motion, and held that Fenzl's argument had been expressly rejected by the Seventh Circuit in *United States v. Leahy*, 464 F.3d 773 (7th Cir. 2006). *United States v. Fenzl*, No. 09 CR 376, 2010 U.S. Dist. LEXIS 43560 (N.D. Ill. Apr. 29, 2010).

Currently before the Court is Fenzl's motion to dismiss the indictment in its entirety. (R. 65, Fenzl's Mot.) Fenzl asserts that there is no actionable mail or wire fraud because "there is no allegation here that the City [] suffered any pecuniary harm, nor that the alleged scheme contemplated pecuniary harm to the City" as required by *Skilling v. United States*, No. 08-1394, 2010 U.S. LEXIS 5259 (June 24, 2010). (R. 66, Fenzl's Mem. at 2-3.) In the alternative, Fenzl argues "even if the Court concludes that no pecuniary harm to the victim is required to state a

2

mail fraud, the statute is void for vagueness as applied to the alleged conduct here." (*Id.* at 3.)

## LEGAL STANDARD

The Federal Rules of Criminal Procedure provide that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the genuine issue." Fed. R. Crim. P. 12(b)(3). When considering a motion to dismiss, a court assumes all facts in the indictment are true and "must view all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). The court should assess whether the government can produce evidence at trial that a defendant "conceivably" violated a given statute. *United States v. Segal*, 299 F. Supp. 2d 840, 844 (N.D. Ill. 2004) (quoting *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1977)). The court should dismiss the indictment only if the government's "inability to produce sufficient evidence 'so convincingly appears on the face of the indictment that as a matter of law there need be no necessity for such delay.'" (*Id.*)

## ANALYSIS

To convict a defendant of mail fraud under 18 U.S.C. § 1341, the government must prove: "(1) that the defendant knowingly devised or participated in a scheme to defraud or obtain money or property by means of materially false pretenses, representations, promises, or omissions as described in the indictment; (2) that the defendant did so knowingly and with the intent to defraud; and (3) that the defendant used the United States mail as a carrier." *United States v. Thyfault*, 579 F.3d 748, 751 (7th Cir. 2009). "The elements of wire fraud under 18 U.S.C. § 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme." *United States v.*

3

*Leahy*, 464 F.3d 773, 787 (7th Cir. 2006). Fenzl argues that the Supreme Court's recent decision in *Skilling* "compels the conclusion that some form of tangible, pecuniary harm must befall the victim in order to constitute a mail or wire fraud under §§ 1341 or 1343." (R. 68, Fenzl's Reply.)

In *Skilling*, the Supreme Court faced the question of whether the jury improperly convicted the defendant of conspiracy to commit "honest-services" wire fraud under 18 U.S.C. § 1346. 2010 U.S. LEXIS 5259, at *22. The Court held that § 1346 "covers only bribery and kickback schemes" and if construed beyond this core meaning the statute would "encounter a vagueness shoal." *Id.* The Court concluded that the defendant's conduct in *Skilling* entailed no bribe or kickback and therefore did not fall within § 1346's proscription. *Id.*

Fenzl's reliance on *Skilling* is misplaced as he has not been charged with honest-services fraud under § 1346. (*See* R. 1, Indictment.) Rather, the indictment alleges violations of §§ 1341 and 1343, under well established mail and wire fraud statutes. (*Id.*) Fenzl points to language in the *Skilling* opinion where, in providing a history of the development of the "honest-services" doctrine, the Supreme Court distinguishes honest-service fraud from schemes in which the victim suffers loss of money or property. (*See* R. 66, Fenzl's Mem. at 3-4; R. 68, Fenzl's Reply at 2-3.) Nothing in the cited language, however, suggests that the Court was inserting additional elements or limitations to the traditional mail or wire fraud statutes. *See Skilling*, 2010 U.S. LEXIS 5259 at *81-83. Accordingly, *Skilling* does not alter the analysis of the Court's previous opinion. *See Fenzl*, 2010 U.S. Dist. LEXIS 43560. As the law stands, the government does not need to establish pecuniary harm or economic loss as an element of the alleged offenses. *See, e.g., Leahy*, 464 F.3d at 786-87 (§§ 1341 and 1343 "do not require the government to prove either contemplated harm to the victim or any loss"); *United States v. Fernandez*, 282 F.3d 500, 507

(7th Cir. 2002) ("to establish their *prima facie* case [of mail fraud] the government did not have to prove a contemplated harm to a victim"). Thus, based on the allegations in the indictment, it is conceivable that the government can produce evidence that Fenzl violated §§ 1341 and 1343 by devising a scheme to obtain money from the City by means of false representations or promises. Accordingly, dismissal of the indictment is not warranted.

Further, the Court is not persuaded by Fenzl's argument that "the mail fraud statute is unconstitutionally vague as applied in this case." (*See* R. 66, Fenzl's Mem. at 8.) "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness such that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Schultz*, 586 F.3d 526, 531 (7th Cir. 2009) (quoting *Kolender v. Lawson*, 461 U.S. 352 (1983)). Fenzl argues that the indictment in this case does not meet the void-for-vagueness requirements because the government has "stretch[ed]" the mail fraud statute to encompass "any [] imaginable type of intangible harm." (R. 68, Fenzl's Reply at 7.) The Seventh Circuit, however, has been clear: "[t]he mail and wire fraud statutes require that the object of the fraud is money or property, rather than an intangible right." *Leahy*, 464 F.3d at 787. Moreover, this case does not present some "intangible harm"; rather, the indictment alleges that Fenzl engaged in a scheme to defraud the City of money and property related to bids submitted for and the performance of the Contract. *See Fenzl*, 2010 U.S. Dist. LEXIS 43560. As such, the mail fraud statute is not unconstitutionally vague as applied in this case.

## CONCLUSION

For the reasons stated herein, Fenzl's motion (R. 65) is DENIED.

Entered: _____
Judge Ruben Castillo
United States District Court

**Dated: August 16, 2010**